UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KLICKITAT COUNTY, a political subdivision of the State of Washington,<br><br>        Plaintiff,<br><br>   vs.<br><br>U.S. DEPARTMENT OF THE INTERIOR; SALLY JEWELL, in her official capacity as Secretary of the Interior; LAWRENCE ROBERTS, in his official capacity as Acting Assistant Secretary-Indian Affairs; STANLEY M. SPEAKS, in his official capacity as Regional Director, Bureau of Indian Affairs,<br><br>        Defendants. | No. 1:16-CV-03060-LRS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

**BEFORE THE COURT** is Defendants' Motion To Dismiss (ECF No. 9). This motion was heard with telephonic oral argument on August 25, 2016. Steven Miskinis, Esq., argued for Defendants. Jeremy R. Larson, Esq., argued for Plaintiff.

**I. BACKGROUND**

Klickitat County brings this lawsuit against the U.S. Department of Interior (DOI) and the Bureau of Indian Affairs (BIA), and various officials of those two

**ORDER GRANTING
MOTION TO DISMISS-            1**

agencies, seeking declaratory and injunctive relief.[1]  In its Complaint, Klickitat County states that it "brings this action to resolve an active dispute between local and federal officials concerning the exercise of civil and criminal jurisdiction within 'Tract D,' an area consisting of approximately 99,000 acres in Glenwood, Washington abutting the Yakama Reservation."  (ECF No. 1 at Paragraph 1.2).

On July 17, 2012, the Yakama Nation filed a petition with the State of Washington asking the State to partially retrocede its civil and criminal jurisdiction over "all Yakama Nation Indian country."  This was jurisdiction the State had previously obtained from the federal government pursuant to what is known as Public Law 280.  Pub. L. 83-280, 67 Stat. 588, 588-89 (1953).  On January 17, 2014, Washington Governor Jay Inslee, by Proclamation 14-01, agreed to retrocede certain aspects of State jurisdiction "[w]ithin the exterior boundaries of the Yakama Reservation" and not "outside the exterior boundaries of the Yakama Reservation."[2]  (ECF No. 1-3).

In April 2015, Klickitat County sent a letter to DOI asking that it "specifically exclude the area known as Tract D" from any acceptance of

---

[1] BIA is an agency within DOI.  Defendants are collectively referred to as "DOI" in this order.

[2] The State retroceded full civil and criminal jurisdiction in the areas of compulsory school attendance, public assistance, domestic relations and juvenile delinquency; jurisdiction over operation of motor vehicles on public roads except where the civil cause of action or criminal offense involves "non-Indian plaintiffs [or] non-Indian defendants, and non-Indian victims;" and criminal jurisdiction over all other offenses except when they involve "non-Indian defendants and non-Indian victims."

**ORDER GRANTING MOTION TO DISMISS-         2**

retroceded jurisdiction in order to avoid any claim by the Yakama Nation to civil and criminal jurisdiction within Tract D. This request was not answered. (ECF No. 1 at Paragraph 1.7 and ECF No. 1-4).

By letter dated October 19, 2015, DOI formally accepted the State's partial retrocession of jurisdiction "pursuant to 25 U.S.C. § 1323 and authority vested in the Secretary of Interior by Executive Order No. 11435 of November 21, 1968, 33 Fed. Reg. 17339, and delegated to the Assistant Secretary-Indian Affairs."[3] Tract D was not specifically mentioned in the letter, but Kevin Washburn, then Assistant Secretary of Indian Affairs, wrote:

> On April 30, 2015, I met with the Governor's General Counsel to discuss retrocession. An issue that has been highlighted in several meetings is related to reservation boundaries. We have assured anyone who has asked that this process is not a mechanism for redrawing reservation boundaries. The scope of the Yakama Nation's territorial jurisdiction will be governed by Federal law. The decision before my Office is nothing more than an acceptance of the State's request for retrocession. As explained to the Governor's office, this decision is not intended to affect the boundaries

---

[3] 25 U.S.C. § 1323(a) provides: "The United States is authorized to accept a retrocession by any State of all or any measure of the criminal or civil jurisdiction, or both, acquired by such State pursuant to the provisions of section 1162 of Title 18, section 1360 of Title 28, or section 7 of the Act of August 15, 1953 (67 Stat. 588), as was in effect prior to its repeal by subsection (b) of this section."

Executive Order No. 11435 provides the Secretary of the Interior with the discretion to accept retrocession and imposes two requirements: 1) acceptance of retrocession is effected through publication in the Federal Register with such notice specifying "the jurisdiction retroceded and the effective date of the retrocession" and 2) where criminal jurisdiction is retroceded, acceptance may occur "only after consultation by the Secretary with the Attorney General."

**ORDER GRANTING MOTION TO DISMISS-**         3

> of the reservation in any way.  As noted above, this decision does not expand tribal jurisdiction; it merely eliminates State authority over certain offenses on the reservation.

(ECF No. 1-5 at p. 4).

Notice of the partial retrocession was published in the Federal Register on October 20, 2015, indicating "[c]omplete implementation of jurisdiction will be effective April 19, 2016."  (ECF No. 1-6).

Klickitat County filed this lawsuit on April 18, 2016, seeking a judgment declaring that DOI violated the Administrative Procedure Act (APA), 5 U.S.C. § 706, by: (1) refusing to address whether the State intended to retrocede jurisdiction over Tract D; (2) failing to acknowledge or otherwise address Klickitat County's request that Tract D be specifically excluded from any acceptance of retroceded jurisdiction; (3) refusing to decide the issue of whether acceptance covered Tract D; and (4) leaving it to the courts to provide a "definitive interpretation" of their agency action.[4]  (ECF No. 1 at Paragraph 1.9).

Klickitat County alleges DOI "acted in excess of statutory jurisdiction, authority, limitations and short of statutory right by not expressly excluding Tract D from the government's acceptance of retrocession, thus implicitly assuming federal jurisdiction over Tract D and approving concurrent tribal jurisdiction without authority to do so." (ECF No. 1 at Paragraph 6.5).  Because of this alleged assumption of jurisdiction over Tract D, Klickitat County contends DOI is "interfering with the County's lawful assertion of jurisdiction over Tract D."

---

[4] In his October 19, 2015 letter to the Yakama Nation, Kevin Washburn also wrote: "If a disagreement develops as to the scope of retrocession, we are confident that courts will provide a definitive interpretation of the plain language of the Proclamation."  (ECF No. 1-5 at p. 5).

**ORDER GRANTING MOTION TO DISMISS-            4**

(ECF No. 1 at Paragraph 6.9). Therefore, in addition to declaratory relief, the County seeks to permanently enjoin DOI from asserting jurisdiction over Tract D.

## II. DISCUSSION

### A. 12(b)(1)- Subject Matter Jurisdiction

A challenge under the APA constitutes a federal question which provides this court with subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Nevertheless, DOI contests whether Klickitat County has standing and whether its dispute with DOI is ripe for adjudication.

When a Fed. R. Civ. P. 12(b)(1) motion is filed in conjunction with other motions, as is the case here, the court normally considers the Rule 12(b)(1) motion first because doing so prevents a court without subject matter jurisdiction from prematurely dismissing a case with prejudice. While standing and ripeness are appropriate grounds for a 12(b)(1) motion because these requirements limit subject matter jurisdiction, they do not take away from the fact that this court has federal question subject matter jurisdiction. Accordingly, this court is not compelled to address the standing and ripeness issues raised by DOI and may proceed to address the merits without concern that it is dismissing the case prematurely.

DOI advances arguments against standing which actually bleed over into the merits and allege substantive defects in Plaintiff's Complaint that are the subject of DOI's Fed. R. Civ. P. 12(b)(6) motion. For example, DOI asserts that "[p]laintiff here seeks a determination that goes beyond any statutory requirement for retrocession found in 25 U.S.C. § 1323, and alleges standing based on the lack of information in Interior's acceptance of the State's retrocession regarding the status of Tract D." (ECF No. 12 at p. 6)(emphasis added). DOI further asserts that "here, Interior did provide all of the information required by law to justify

**ORDER GRANTING
MOTION TO DISMISS-            5**

acceptance of the State's retrocession . . . ." (ECF No. 12 at pp. 6-7). The question that goes to the merits and is the subject of DOI's 12(b)(6) motion is precisely whether DOI provided all of the information it was required by law to provide in order to accept the State's retrocession.[5]

### B. 12(b)(6)- Failure To State A Claim

A Fed. R. Civ. P. 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino County*,

---

[5] DOI contends that its "acceptance of the State's partial retrocession of jurisdiction over the Yakama Nation's Reservation provides Plaintiff no standing to invoke this Court's subject matter jurisdiction over its boundary dispute with the Nation." (ECF No. 9 at p. 9). It seems, however, that Plaintiff does have standing to invoke this court's subject matter jurisdiction over Plaintiff's dispute with DOI as to whether DOI, as part of its acceptance of retrocession, had a legal obligation to specify the geographic scope of the jurisdiction retroceded in an attempt to ascertain whether Plaintiff in fact has a boundary dispute with the Yakama Nation. As DOI recognizes, that question is distinct from the question of whether Tract D lies within the Yakima Reservation. The question of whether DOI properly accepted a partial retrocession of jurisdiction within the exterior boundaries of the Yakima Reservation is "ripe" for adjudication and is resolved by this order.

**ORDER GRANTING**
**MOTION TO DISMISS-**           6

14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The complaint must be construed in the light most favorable to the plaintiff. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989). The court need not, however, accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The factual allegations must allege a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951 (2009).

This court concludes the Klickitat County has asserted a new requirement for DOI to meet before accepting a retrocession of jurisdiction which has no basis in law. Therefore, Plaintiff's Complaint fails to allege a cognizable legal theory and must be dismissed. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Nietzke*, 490 U.S. at 326. It suffices for DOI to accept the partial retrocession on the terms on which it was offered- "as applying within the exterior boundaries of the Yakama Reservation," whatever those may be. DOI's acceptance of that partial retrocession is not an agency declaration of the Yakama Reservation boundaries.

///

**ORDER GRANTING**
**MOTION TO DISMISS-**             7

Under the APA, courts review agency action pursuant to an "arbitrary and capricious" standard of review. 5 U.S.C. § 706(2). The court can set aside agency action that is "arbitrary and capricious," but it "does not empower the district court to conduct a de novo review of the administrative decision and order the agency to reach a particular result." *Mt. St. Helens Min. and Recovery Ltd. P'ship v. United States*, 384 F.3d 721, 727 (9th Cir. 2004). Plaintiff points to no statutory or regulatory obligation requiring a determination of reservation boundaries in the context of acceptance of retrocession. Furthermore, DOI is not obligated under 25 U.S.C. § 1323(a) to ensure that a State proffer of jurisdiction is valid under state law. *United States v. Lawrence*, 595 F.2d 1149, 1151 (9th Cir. 1979); *Oliphant v. Schlie*, 544 F.2d 1007 (9th Cir. 1976), *reversed on other grounds by Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191 (1978); *United States v. Brown*, 334 F. Supp. 536 (D. Neb. 1971); *Omaha Tribe of Neb. v. Village of Walthill*, 334 F. Supp. 823 (D. Neb. 1971), *affirmed* at 460 F.2d 1327 (8th Cir. 1972)(per curiam).

Plaintiff focuses on the adequacy of the factual allegations in its Complaint without addressing whether, in the first instance, it has a cognizable legal theory. In the absence of some legal authority (statutory, regulatory or otherwise) plausibly suggesting that as part of its acceptance of the State's partial retrocession, DOI was obligated to ascertain the precise territorial boundaries of the Yakama Nation Reservation, the adequacy of the factual allegations in Plaintiff's Complaint (for example, regarding actual and potential injury) is irrelevant.

One of the cases cited by Plaintiff, *Amador County v. Salazar*, 640 F.3d 373 (D.C. Cir. 2011), recognizes the critical question under the APA is what is required by the agency under the applicable statute. Plaintiff does not say what it

**ORDER GRANTING**
**MOTION TO DISMISS-        8**

is in 25 U.S.C. § 1323 that requires DOI to determine the geographic boundaries of the Yakama Reservation as part of accepting a retrocession of State jurisdiction within those boundaries.  Plaintiff's Complaint alleges "[t]he Department of Interior and BIA acted in excess of statutory jurisdiction, authority, limitations and short of statutory right by not expressly excluding Tract D from the government's acceptance of the State's retrocession . . ." (ECF No. 1 at 23-24), but does not specify what "statutory jurisdiction, authority and limitations," and how these things were purportedly contravened.

Plaintiff repeatedly asserts and assumes the retrocession at issue "increased" and "expanded" federal government jurisdiction.  The federal government, however, merely accepted the return of jurisdiction from the State which the State has previously acquired from the federal government pursuant to Public Law 280.  Retrocession neither increased or decreased federal jurisdiction within the exterior boundaries of the Yakama Reservation, including Tract D if it is within those boundaries.  Retrocession  simply restored jurisdiction to the federal government which it previously had.  In other words, the federal government re-assumed its jurisdiction.

Plaintiff assumes Tract D is not within the exterior boundaries of the Yakama Reservation.  According to Plaintiff, "because Tract D is not within the Reservation, Tract D is not subject to retrocession under 25 U.S.C. § 1323 and Defendants have acted outside their authority to the extent they have assumed jurisdiction over Tract D pursuant to retrocession." (ECF No. 10 at p. 10).  The argument is that because Tract D was never within the Yakama Reservation, the federal government never conferred any jurisdiction upon the State pursuant to Public Law 280 and therefore, there is now no jurisdiction which can be retroceded with regard to Tract D.  This is a valid argument if Tract D is not part

**ORDER GRANTING**
**MOTION TO DISMISS-                9**

of the Reservation, but that is a question which was not resolved by the retrocession, did not need to be resolved by it, and remains unresolved. The federal government did not "assume jurisdiction over Tract D pursuant to retrocession." It either already had it because Tract D is within the Reservation, or it never had it and still does not have it because Tract D is not within the Reservation.

As required by Executive Order No.11435, DOI specified the jurisdiction retroceded by the State and the effective date of retrocession. In a Federal Register notice, DOI identified the jurisdiction as "partial civil and criminal jurisdiction over the Yakama Nation which was acquired by the State of Washington, under Public Law 83-280, 67 Stat. 588, codified as amended at 18 U.S.C. 1162, 28 U.S.C. 1360," with reference to the Governor's Proclamation 14-01. 80 Fed. Reg. 63,583 (Oct. 20, 2015). (ECF No. 1-6). The particular areas of civil and criminal jurisdiction were set forth in the proclamation (ECF No. 1-3) and that is what DOI accepted (ECF Nos. 1-5). Beyond the obvious need for identifying the Reservation to which the retrocession pertains, Executive Order No. 11435 does not require DOI to provide a metes and bounds description of Reservation boundaries. Accordingly, DOI was not required, as part of its acceptance of the retrocession, to specify whether Tract D lies within Yakima Reservation boundaries. Such specification was not essential to the validity of the partial retrocession accepted by DOI.

"[C]onsiderable weight [is] accorded to [a federal] executive department's construction of a statutory scheme it is entrusted to administer . . . ." *United States v. Mead Corporation*, 533 U.S. 218, 227-28, 121 S.Ct. 2164 (2001). DOI offers persuasive arguments that its interpretation of the requirements of Executive Order

///

**ORDER GRANTING**
**MOTION TO DISMISS-**            10

No. 11435 (issued pursuant to 25 U.S.C. § 1323(a)) is sensible because: 1) defining a reservation with metes and bounds description threatens to entangle the acceptance of retrocessions with reservation boundary disputes; and 2) simply identifying by name the reservation subject to retrocession means the scope of retrocession can expand or contract with subsequent judicial decisions or other events affecting the boundaries of the reservation.

Plaintiff's Complaint does not allege a "legally cognizable basis" that DOI acted "arbitrarily and capriciously" by failing to specify whether Tract D lies within the exterior boundaries of the Yakama Reservation. While the court is sympathetic to Plaintiff's concern about jurisdictional uncertainty regarding ownership of Tract D, this is an uncertainty that existed before retrocession and continues to exist thereafter. It will have to be resolved if and when federal jurisdiction is in fact sought to be exercised within Tract D.

### III. CONCLUSION

By proceeding on the legal theory that 25 U.S.C. § 1323 and Executive Order No. 11435 require DOI to specify the geographic scope of the jurisdiction retroceded, more specifically, whether DOI intends to exercise jurisdiction in Tract D because it considers Tract D to be part of the Yakama Reservation, Plaintiff fails to allege a cognizable legal theory upon which relief can be granted. Accordingly, Defendants' Motion To Dismiss (ECF No. 9) is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with prejudice.

The District Executive is directed to enter Judgment accordingly and to forward copies of this order and the Judgment to counsel of record. The file shall be **CLOSED**.

///

**ORDER GRANTING MOTION TO DISMISS-** 11

**IT IS SO ORDERED**.  The District Executive is directed to enter this order and forward copies to counsel.

**DATED** this ___1st___ day of September, 2016.

*s/Lonny R. Suko*

LONNY R. SUKO
Senior United States District Judge

**ORDER GRANTING MOTION TO DISMISS-**            **12**